UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLACKFOOT HOSPITALITY, LLC<br>a New York limited liability company,<br><br>   Plaintiff,<br><br>v.<br><br>LITTLE OWL LLC, a Pennsylvania limited<br>liability company; and TIMOTHY DEARING,<br>an individual,<br><br>   Defendants. | CIVIL ACTION<br>No. 2:24-cv-6863 |

## COMPLAINT

Plaintiff Blackfoot Hospitality, LLC, by and through their attorneys, Royer Cooper Cohen Braunfeld LLC, hereby files this Complaint against Little Owl LLC and Timothy Dearing (collectively, "Defendants"), as follows:

## THE PARTIES

1. Plaintiff Blackfoot Hospitality, LLC ("Plaintiff" or "Blackfoot") is a New York limited liability company having its principal place of business in New York, New York.

2. Upon information and belief, Defendant Little Owl LLC is a Pennsylvania limited liability company, with a principal place of business at 735 Melon Place, Unit F, Philadelphia, Pennsylvania 19123.

3. Upon information and belief, Defendant Timothy Dearing is domiciled in Philadelphia, Pennsylvania.

1

**JURISDICTION AND VENUE**

4. This is an action for trademark infringement under the Lanham Act, 15 U.S.C. Bla 1051 *et seq.*, as amended.

5. This Court has subject matter jurisdiction over the Lanham Act claims under 28 U.S.C. §§ 1331 and 1338(a), as this action arises under the trademark laws of the United States.

6. This Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity, and the amount in controversy exceeds $75,000.

7. Personal jurisdiction in this District is proper. Defendant Little Owl LLC is a Pennsylvania limited liability company with its principal place of business in Philadelphia, Pennsylvania. Upon information and belief, Defendant Timothy Dearing is a resident of Philadelphia, Pennsylvania.

8. Venue is proper in this District under 28 U.S.C. §§ 1391.

**GENERAL ALLEGATIONS**

*Plaintiff and Its LITTLE OWL Mark*

9. Plaintiff specializes in offering high quality restaurant and private dining services.

10. Plaintiff owns and operates numerous restaurants, including the well-known Little Owl located in Greenwich Village, New York, featuring the highly acclaimed and recognized Chef Joey Campanaro.

11. Plaintiff's restaurant Little Owl first opened in 2006, and it has operated under the LITTLE OWL mark ever since.

12. Its sister establishment, Little Owl the Townhouse, offers a full-service private event space just a block away from the Little Owl restaurant.

13. For over two decades, the Little Owl restaurant has developed a widespread reputation for outstanding food and service.

14. With the thousands of customers Plaintiff has served over the years, naturally, Plaintiff has garnered a significant number of online customer reviews. The Little Owl restaurant boasts a 4.8-star rating on OpenTable among 4,326 reviews[1] and a 4.5-star rating on Tripadvisor among 1,279 reviews.[2]

15. Plaintiff and Chef Campanaro have spent considerable resources marketing the LITTLE OWL brand through the Internet and social media sites such as Instagram, where its LITTLE OWL page (@littleowlnyc) has acquired over 18,000 followers.

16. Little Owl's location on the ground floor of 90 Bedford Street is highly attractive to consumers. Fans of the well-known television show *Friends* and tourists alike flock each day to take photos in front of the building, as it was famously depicted as the apartment building of the main characters of the show. Its location has led to significant unsolicited media attention, including articles from popular websites like Vulture[3] and New Yorker.[4]

17. Campanaro, who is at the helm of Little Owl, has been featured in Bon Appetit, Food & Wine, Condé Nast Traveler, The New York Times, New York Magazine, Esquire, Travel + Leisure, Today Show, Martha Stewart, and many more news outlets and food critic websites.

18. In 2020, Campanaro published his first cookbook, Big Love Cooking: 75 Recipes For Satisfying Shareable Comfort Food, which features Little Owl.

---

[1] *See* https://www.opentable.com/r/little-owl-west-village?page=2.
[2] *See* https://www.tripadvisor.com/Restaurant_Review-g60763-d776994.
[3] *See* https://www.vulture.com/2019/09/friends-building-little-owl-restaurant-owner.html.
[4] *See* https://www.newyorker.com/culture/culture-desk/the-revealing-reasons-that-people-visit-the-friends-building.

19. The Little Owl restaurant is thus well-known, and indeed, iconic, drawing patrons and tourists from all over the country, including Chef Campanaro's hometown of Philadelphia, Pennsylvania.

20. Consumers travel from a myriad of out-of-state cities, including Philadelphia, to dine at Plaintiff's reputable Little Owl restaurant in New York, as demonstrated by the many Philadelphia-based consumer reviews on sites like OpenTable:



4





21.     The LITTLE OWL mark is thus well-established in the field of restaurant and private dining services, and consumers from around the country, particularly the Northeastern and Mid-Atlantic region of the United States, associate it exclusively with Plaintiff.

5

22. Through decades of their tireless efforts, Plaintiff and Chef Campanaro have developed an extremely valuable reputation and goodwill represented by the LITTLE OWL name and trademark.

***Defendants' Infringing Conduct***

23. Upon information and belief, Defendant Timothy Dearing is the owner and operator of Defendant Little Owl LLC.

24. In January 2024, Defendants began using the identical mark LITTLE OWL in connection with identical high-end restaurant and private event services in Philadelphia, Pennsylvania, which is less than 100 miles away from Plaintiff's New York Little Owl restaurant and Little Owl the Townhouse venue.

25. Plaintiff did not license or otherwise authorize Defendants to use the LITTLE OWL mark in any capacity.

26. Such close proximity—a mere hour-and-a-half car ride away—significantly increases the chances that consumers will believe Defendants are associated with Plaintiff in some capacity.

27. Indeed, many Philadelphia residents travel to New York each year to enjoy Chef Campanaro's dining experience at the Little Owl restaurant or to attend an event at Little Owl the Townhouse. Whether they are tourists, businesspeople commuting to New York for work, wedding guests, or food connoisseurs, Plaintiff's Little Owl restaurant and Little Owl the Townhouse frequently serve travelers who reside in Philadelphia.

28. Plaintiff's common law rights in the mark LITTLE OWL are expansive and the reputation and goodwill associated with the LITTLE OWL mark are particularly strong throughout the Northeastern and Mid-Atlantic regions of the United States.

29. Additionally, numerous, non-exhaustive factors demonstrate that Defendants intentionally adopted the mark LITTLE OWL to trade off on the goodwill and reputation of Plaintiff, Chef Campanaro, and the well-known LITTLE OWL mark.

30. *First*, Defendants' mark is not only similar, but rather, it is identical: both Plaintiff and Defendants use the mark LITTLE OWL.

31. *Second*, Defendants copied the exact business model of Plaintiff: both Plaintiff and Defendants use LITTLE OWL in connection with not only dining services, but also in connection with larger events and private parties. (*See* **Exhibit A**, Defendants' Website; *See* **Exhibit B**, Plaintiff's Website.)

32. *Third,* like Plaintiff, Defendants use a stylized, right-facing owl logo in connection with the LITTLE OWL mark to amplify the message impressed upon consumers, as shown on Defendants' website:



| **Plaintiff's Logo** | **Defendants' Logo** |

33. *Fourth,* Defendants' domain names and social media account names appear in highly similar formats as if to convey the message that the restaurant services emanate from the same source but merely operate in different cities. For example, Defendants' domain name **littleowlphl.com** is highly similar to Plaintiff's **thelittleowlnyc.com**. Likewise, Defendants' Instagram account name **@littleowlphilly** appears highly similar to Plaintiff's, **@littleowlnyc**.[5] (*See* **Exhibit C**, Defendants' Instagram Page; *see* **Exhibit D**. Plaintiff's Instagram Page.) Consumers in Philadelphia, many of whom are familiar with Plaintiff's LITTLE OWL mark, undoubtedly would mistakenly believe there is some association Defendants and Plaintiff upon seeing the marks as they are used in the marketplace. This is particularly true given that Chef Campanaro was raised in Philadelphia before ultimately moving to New York.

34. Defendants' unauthorized use of the LITTLE OWL mark is likely to cause confusion to Plaintiff's customers and potential customers, as it is likely to cause confusion or mistake among consumers and lead them to erroneously believe that there is some connection between Defendants and Plaintiff.

35. On October 22, 2024, through counsel, Plaintiff had delivered a letter to Defendants regarding its unauthorized use of the LITTLE OWL mark and requested that it immediately and permanently cease all use of the name and trademark LITTLE OWL for any food-related business.

36. Defendants ignored the October 22 correspondence.

37. On November 7, 2024, Plaintiff had delivered a follow-up letter to Defendants again demanding that Defendants' use of the LITTLE OWL mark immediately cease, and Plaintiff warned Defendants that it would not hesitate to file a formal lawsuit in the event Defendants failed to respond to Plaintiff's demand.

---

[5] *Compare* https://www.instagram.com/littleowlphilly to https://www.instagram.com/littleowlnyc.

38. Defendants ignored the November 7 correspondence.

39. Defendants continue to engage in the unauthorized use of the LITTLE OWL mark. If Defendants are not enjoined, such activity will continue, causing Plaintiff irreparable harm to the LITTLE OWL mark and Plaintiff's reputation and goodwill.

40. Accordingly, the activities set forth in this complaint by Defendants were done, and continue to be done, willfully with knowledge that such conduct was and is in direct contravention of the LITTLE OWL mark, and is likely to confuse, mislead, and deceive the consuming public and those in the workspace industry.

## COUNT I
## Lanham Act – False Designation of Origin; False Description or Representation
## (15 U.S.C. § 1125(a))

41. Plaintiff incorporates by reference all preceding paragraphs.

42. Plaintiff is the sole owner of all right, title and interest in the LITTLE OWL mark in connection with restaurants, food service, and private events.

43. LITTLE OWL is a valid, legally protectable mark.

44. Plaintiff has priority over Defendants with respect to the LITTLE OWL mark.

45. While based in New York, Plaintiff's Little Owl restaurant and Little Owl the Townhouse businesses regularly serve out-of-state consumers, including consumers from Philadelphia, Pennsylvania. Thus, Plaintiff's common law rights in the LITTLE OWL mark, extend to the Northeastern and Mid-Atlantic region and specifically to Philadelphia, Pennsylvania.

46. Plaintiff has established a valuable reputation and goodwill associated with the LITTLE OWL mark.

47. Plaintiff, as the senior user of the LITTLE OWL mark, has not consented to

Defendants' unlawful use of the LITTLE OWL mark.

48. Defendants' use of the LITTLE OWL mark constitutes the unauthorized use in commerce of a reproduction counterfeit, copy, or colorable imitation of Plaintiff's well-known LITTLE OWL mark and is likely to cause confusion or mistake in the minds of the consuming public as to the source of the services and are likely to deceive the relevant consuming public into mistakenly believing that Defendants' services are associated or affiliated with, sponsored by, or otherwise authorized by Plaintiff, in violation of 15 U.S.C. § 1125(a).

49. Upon information and belief, Defendants' actions were done, and have continued to be done, willfully with knowledge that such conduct infringes Plaintiff's unregistered LITTLE OWL mark and injures Plaintiff's business reputation with the intent to cause confusion in the marketplace and trade on Plaintiff's reputation.

50. As a direct and proximate result of Defendants' willful and wanton conduct, Plaintiff has been injured and will continue to suffer irreparable injury to its business reputation unless the Court restrains Defendants from infringing the LITTLE OWL mark.

51. Plaintiff is also suffering monetary damage exceeding $75,000 but in a total amount not yet determined.

## COUNT II
### Trademark Infringement
### in Violation of Pennsylvania Common Law

52. Plaintiff incorporates by reference all preceding paragraphs.

53. By virtue of Defendants' acts hereinabove pleaded, Defendants have engaged in trademark infringement in violation of Pennsylvania common law.

54. LITTLE OWL is a valid, legally protectable mark.

55. Plaintiff has priority over Defendants with respect to the LITTLE OWL mark in

Pennsylvania.

56. Defendants' use of the LITTLE OWL mark in Pennsylvania is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff and as to the origin, sponsorship, endorsement, affiliation, or approval by Plaintiff of Defendants' products, services, and other commercial activity. Confusion is likely to occur if Defendants' use in commerce of the LITTLE OWL mark does not stop.

57. Defendants' unauthorized use of Plaintiffs' LITTLE OWL mark in Pennsylvania in connection with services that are identical or substantially similar and highly related to Plaintiff's services jeopardizes the entire goodwill symbolized by Plaintiff's LITTLE OWL mark, causing immediate, serious, and irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

58. Upon information and belief, Defendants' actions were done, and have continued to be done, willfully with knowledge that such conduct infringes Plaintiff's LITTLE OWL mark and injures Plaintiff's business reputation with the intent to cause confusion in the marketplace and trade on Plaintiff's reputation.

59. Plaintiff is also suffering monetary damage exceeding $75,000 but in a total amount not yet determined.

### COUNT III
**Violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law
(73 .S. §§ 201-1, *et. seq.*)**

60. Plaintiff incorporates by reference all preceding paragraphs.

61. Plaintiff's LITTLE OWL mark has become well-known in Philadelphia due to Plaintiff's nearly two decades of use of the mark and Plaintiff's provision of food service to thousands of Pennsylvania residents since Plaintiff's adoption of the LITTLE OWL mark.

62. Defendants' conduct and use of the identical mark LITTLE OWL constitutes unfair deceptive business acts or practices under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL").

63. The UTPCPL, prohibits any unlawful, unfair, deceptive, or fraudulent business act or practice.

64. Unfair methods of competition and unfair or deceptive acts or practices include any fraudulent or deceptive conduct that creates a likelihood of either confusion or misunderstanding under 73 P.S. § 201-2(4)(xxi).

65. Defendants' use of the LITTLE OWL mark is likely to confuse or deceive members of the public as to the source of Defendants' services.

66. The foregoing acts and practices have caused substantial harm to Plaintiff.

67. Defendants continue to engage in the unauthorized use of the LITTLE OWL mark.

68. As a direct and proximate cause of the unlawful, unfair, and fraudulent acts and practices of Defendants, Plaintiff has suffered substantial damages and suffered injury in fact and damage in the form of lost sales revenue, fees, and other costs.

69. If Defendants are not enjoined, such activity will continue, causing Plaintiff irreparable harm to the LITTLE OWL mark and Plaintiff's reputation and goodwill.

## REQUESTED RELIEF

WHEREFORE, Plaintiff requests the following relief:

A. That Defendants, their agents, servants, employees, representatives, successors, assigns, and all persons, firms, or corporations in active concert or participation with either Defendant, be preliminarily and then permanently enjoined and restrained from:

  1. Directly or indirectly infringing the LITTLE OWL mark in any manner, including, but not limited to, using the LITTLE OWL mark in connection with any food-related services;

  2. Distributing, advertising, selling and/or offering any product or service with any mark containing "Little Owl" or any other mark confusingly similar to the LITTLE OWL mark and engaging in any other action or conduct that is likely to confuse, mislead, or deceive consumers, customers or members of the public that products sold by Defendants are in any way sponsored, approved, or licensed by or associated with Plaintiff or are in some way connected or affiliated with Plaintiff;

  3. Otherwise competing unfairly with Plaintiff in any manner; and

  4. Otherwise diluting or tarnishing the LITTLE OWL mark and damaging Plaintiff's goodwill, reputation, and business.

B. That Defendants be directed to file with the Court and serve upon Plaintiff within thirty (30) days after issuance of any injunction, a report in writing and under oath setting forth in detail the manner and form in which Plaintiff has complied with the injunction.

C. That Defendants be required to deliver for destruction all items in its possession which bear the LITTLE OWL mark and/or any other name or mark containing "Little Owl", including but not limited to any promotional or advertising material.

D. That Defendants be required to account for and pay to Plaintiff all profits, gains, benefits, and advantages derived by Defendants from its conduct as alleged herein.

E. That Plaintiff recover from Defendants any and all damages Plaintiff suffered as a result of Defendants' conduct as alleged herein.

F.    That all profits and/or damages Plaintiff recovers be trebled or otherwise increased as provided under 15 U.S.C. § 1117.

G.    That Defendants be required to pay punitive damages to Plaintiff for its conduct complained of herein.

H.    That Plaintiff recover from Defendants its costs of this action and reasonable attorneys' fees.

I.    That Plaintiff receive any other relief that this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims and issues so triable.

Date: December 27, 2024

Respectfully submitted,
**ROYER COOPER COHEN BRAUNFELD LLC**

By: _/s/ Barry L. Cohen_
Barry L. Cohen, Esquire (68864)
Two Logan Square
100 North 18th Street, Suite 710
Philadelphia, PA 19103
Email: bcohen@rccblaw.com
Tel: 484-362-2628; Fax: 484-362-2630

Michael Azzi (MI P74508)*
Mark A. Zuccaro (MI P85511)*
Warner Norcross & Judd LLP
150 Ottawa Ave NW, Suite 1500
Grand Rapids, MI 49503
Tel: 616-752-2784
Email: mazzi@wnj.com
Email: mzuccaro@wnj.com

*Attorneys for Plaintiff Blackfoot Hospitality, LLC*

*Pro Hac Motion Forthcoming